IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CAIN<br>6904 Stoney Ridge Drive<br>North Ridgeville, Ohio, 44039<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>FINANCIAL GUIDANCE INSURANCE<br>ADVISERS LLC<br>c/o William Henzey, statutory agent<br>9354 Rolling Brook Circle<br>Olmsted Falls, Ohio, 44138<br><br>　　-and-<br><br>WILLIAM HENZEY<br>9354 Rolling Brook Circle<br>Olmsted Falls, Ohio, 44138<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

1. Plaintiff James Cain brings this action against Defendants Financial Guidance Insurance Advisers, LLC. ("FGCIA") and William Henzey, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"). The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

## PARTIES

2. Cain is a resident of the city of North Ridgeville, county of Lorain, state of Ohio.



3. During all times material to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

4. FGCIA is an Ohio limited liability corporation with its principle place of business located in the city of Olmsted Falls, Ohio.

5. FGCIA holds itself out as an insurance services agency.

6. FGCIA sells the financial services and products of numerous out of state banks and insurers.

7. FGCIA is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

8. Henzey is the owner and or principal of FGCIA, with a 100 percent ownership interest, whom exercises significant control over FGCIA operations, policies, and procedures, to include, but not limited to its day to day operations and pay practices.

9. At all times relevant herein, Henzey supervised and/or controlled Cain's employment with FGCIA, and acted directly or indirectly in the interest of FGCIA in relation to its employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act.

10. During all times material to this Complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

11. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Cain is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 201, *et*



*seq.* Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Cain's state law claims under 28 U.S.C. § 1367.

13. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## FACTS

14. FGCIA employed Cain as an Insurance Agent from approximately September 1, 2015 through August 15, 2016.

15. Cain was paid a salary of $36,000.00, or $692.00 a week, to work up to forty (40) hours.

16. Cain's primary job duties did not relate to the internal management or general business operations of FGCIA.

17. Cain's primary job duties did not include the ability to exercise discretion and independent judgment with respect to matters of significance.

18. At all times material to the Complaint, Cain worked from a fixed location, i.e, FGCIA's office in Olmsted Falls, Ohio.

19. Defendants improperly classified Cain as exempt from the overtime requirements of the FLSA.

20. During his employment with Defendants, Cain was scheduled to work a fixed schedule at FGCIA's office, running from 8:30am to 5:00pm.

21. Cain worked through his lunch breaks during his employment with FGCIA.

22. In addition to working his scheduled hours, Cain worked additional time, to include, but not limited to reporting to work prior to 8:30am and staying past 5:00pm, and meeting with clients outside of his scheduled hours, to include on weekends.

The Employee's Attorney.™ 

23. Cain routinely worked five (5) to (15) hours beyond his scheduled hours, for a total of forty-five (45) to fifty-five (55) hours a week.

24. Despite Cain's additional hours of work, he was only compensated by Defendants for working forty (40) hours each week.

25. In or around January of 2016, Defendants stopped paying Cain his full salary.

26. In or around January of 2016, Defendants began paying Cain only half of his salary, or $312.50 weekly, to work up to forty (40) hours.

27. Defendants ceased paying Cain any compensation at all beginning in or around June of 2016.

28. Cain was not paid any wages at all for his work between June 1, 2016 through August 11, 2016.

29. As a result of not being paid, Cain resigned his from his employment with Defendants on August 11, 2016.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

31. During all times material to this complaint, Cain was not exempt from receiving minimum wage under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

32. During all times material to this Complaint, Defendants violated the FLSA by failing to compensate Cain at a rate of time-and-one-half of his regular rate of pay for all time he worked in excess of forty (40) hours per workweek.

33. From June 1, 2016 to August 11, 2016, Defendants failed to pay Cain at least the applicable minimum wage rate for all hours worked as prescribed by 29 U.S.C. § 206.

34. During all times material to this complaint, Defendants willfully and/or recklessly violated 29 U.S.C. § 206.


The Employee's Attorney.™

35. In violating the FLSA, Defendants without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

36. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Cain for the full amount of the required minimum wage rate, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

37. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

38. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

39. During all times material to this complaint, FGCIA was a covered employer required to comply with the Ohio Wage Act's mandates.

40. During all times material to this complaint, Cain was a covered employee entitled to individual protection of Ohio Wage Act.

41. Defendants violated the Ohio Wage Act with respect to Cain by, *inter alia*, failing to compensate Cain for all hours worked, or to pay Cain at a rate of time-and-one-half of his regular rate of pay for all time he worked in excess of forty (40) hours per workweek.

42. and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT III: VIOLATION OF THE OHIO PROMPT PAY ACT

43. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. During all times material to this complaint, FGCIA was an entity covered by the OPPA; and Cain was employed by FGCIA within the meaning of OPPA.

45. The OPPA requires that FGCIA pay Cain all wages, including unpaid minimum wage on or before the first day of each month, for wages earned by Cain during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for

The Employee's Attorney.™ 

wages earned by Cain during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

46. From June 1, 2016 through August 11, 2016, Cain was not paid any wages, to include the minimum wage, within 30 days of performing the work. *See* O.R.C.§ 4113.15(B).

47. Cain's unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

48. In violating the OPPA, FGCIA acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV: BREACH OF IMPLIED CONTRACT

49. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

50. At the time Cain was hired, he was promised a salary of $36,000.00 per year in exchange for his agreement to work for Defendants for up to forty (40) hours per week.

51. Cain accepted Defendants' offer of a salary of $36,000.00 per year, and began working for Defendants.

52. When Defendants offered Cain a salary of $36,000.00 per year and Cain accepted it and began working for Defendants, there was a meeting of the minds and a contract was created as a matter of tacit understanding.

53. Initially, Defendants paid Cain a salary of $36,000.00 per year.

54. Cain expected to be paid a salary of $36,000.00 per year.

55. Defendants knew that Cain expected to be paid a salary of $36,000.00 per year.

56. Beginning in January of 2016, Defendants continued to allow Cain to work, but they stopped paying him his full salary of $36,000.00 per year.

57. Defendants failure to pay Cain his salary of $36,000.00 per year constituted a breach of implied contract.

The Employee's Attorney.™ 

58. As a result of Defendants' conduct, Cain has suffered pecuniary harm.

## COUNT V: UNJUST ENRICHMENT

59. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

60. In performing the duties of an Insurance Agent for Defendants, Cain conferred a benefit upon Defendants.

61. Defendants knew that Cain performed the duties of a Insurance Agent for Defendants.

62. Defendants retained the benefit of Cain's performance of the duties of an Insurance Agent under circumstances where it was unjust to do so.

As a result of Defendants' acts, Cain suffered, and will continue to suffer, pecuniary harm.

## COUNT VI: PROMISSORY ESTOPPEL

63. Cain restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Defendants made clear and unambiguous promises to Cain relative to compensation for Cain's performance of services for Defendants.

65. Cain continued to work for Defendants even after Defendants stopped paying him his full salary or any salary at all, upon the belief that he would eventually be paid his full salary.

66. Defendants promised Cain he would eventually be paid what he was owed.

67. Defendants made these promises with the reasonable expectation that their promises would induce action or forbearance by Cain.

68. Cain turned down multiple job opportunities in reliance upon the Defendants' promises.

69. Cain performed work for Defendants in reliance upon Defendants' promises.

70. Cain, to his detriment, actually and justifiably relied on the Defendants' promises.

71. As a direct result of Defendants' broken promises, Cain has suffered, and will continue to suffer, pecuniary harm.

72. An injustice to Cain may only be avoided through the enforcement of the Defendants' promises.

The Employee's Attorney.™ 

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff James Cain request judgment against Defendants FGCIA and William Henzey and for an Order:

(a) For specific performance of the parties' implied contract;

(b) An award against each Defendant of compensatory and monetary damages to compensate Cain for unpaid contractual wages, the reasonable value of services Cain provided Defendants, in an amount in excess of $25,000 per claim to be proven at trial;

(c) Awarding to Cain unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(d) Awarding Cain costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Cain any such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(g) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
BeachCain, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff James Cain*



### JURY DEMAND

Plaintiff James Cain demands a trial by jury by the maximum number of jurors permitted.

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

